IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD A. BRYANT                                                                                          PLAINTIFF

v.                                     Case No. 4:13-cv-00376-KGB

UNITED STATES ATTORNEY                                                                         DEFENDANT

## ORDER

Before the Court is defendant United States Attorney's motion to dismiss (Dkt. No. 3). Defendant requests the dismissal of plaintiff Donald A. Bryant's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is granted (Dkt. No. 3).

Mr. Bryant filed his complaint against Jane Duke, former First Assistant to the United States Attorney for the Eastern District of Arkansas (Dkt. No. 1). His complaint is silent as to the capacity in which he brings his suit against Ms. Duke. Therefore, the Court presumes Mr. Bryant only brings claims against Ms. Duke in her official capacity. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Mr. Bryant's official-capacity claims are treated as a suit against the United States and are, therefore, barred by sovereign immunity absent a clear and unequivocal waiver. *See Buford v. Runyon*, 160 F.3d 1199, 1201 (8th Cir. 1998) ("It is well settled that an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (internal quotations omitted); *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993) ("The United States can only be sued when it has expressly given its consent to be sued. This consent must be clear and unequivocal and it will not be simply implied. . . . Sovereign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress.") (citations omitted). Sovereign immunity is jurisdictional in nature. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Absent waiver, the Court

lacks jurisdiction in this case. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Mr. Bryant has not argued or shown that Congress has waived sovereign immunity for his claims against a United States Attorney. Therefore, the Court lacks subject-matter jurisdiction over his claims. Accordingly, Mr. Bryant's complaint is dismissed without prejudice. *Charchenko v. City of Stillwater*, 47 F.3d 981, 985 (8th Cir. 1995) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of jurisdiction is not an adjudication on the merits and thus such a dismissal should be without prejudice.").

In addition, Mr. Bryant's complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint is construed most favorably to the nonmoving party. *Id*. A *pro se* complaint is construed liberally, but it still must include "enough facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Cunningham v. Ray,* 648 F.2d 1185, 1186 (8th Cir. 1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

Mr. Bryant has not met this standard. He has not articulated any clear factual or legal basis for relief. Although Mr. Bryant's complaint names Ms. Duke as the defendant, his complaint appears to arise from the same set of events at issue in Mr. Bryant's previous suits in this District against the Texas Lottery Commission, the Internal Revenue Service, and the

Department of the Treasury, in which he has sought to force those defendants to provide him with various documents to relating to an alleged over-payment of taxes on past lottery winnings. *See Bryant v. Internal Revenue Service, et al.*, Case. No. 4:10-cv-01175-JLH; *Bryant v. Internal Revenue Service, et al.*, Case No. 4:10-cv-01978-BSM; *Bryant v. Texas Lottery Commission, et al.*, Case No. 4:10-cv-02039-SWW; *Bryant v. Texas Lottery Commission, et al.*, Case No. 4:11-cv-00051-DPM; *Bryant v. Internal Revenue Service, et al.*, Case No. 4:09-cv-293-JMM; *Bryant v. Internal Revenue Service, et al.*, Case No. 4:09-cv-941-BSM. It is not clear why Mr. Bryant has now brought a claim relating to these events against Ms. Duke, former First Assistant to the United States Attorney. His complaint fails to state any factual or legal basis for relief against Ms. Duke or the United States Attorney's Office. Even construing Mr. Bryant's complaint liberally, the Court is unable to discern what cause of action Mr. Bryant intends to bring or the exact relief he requests. Moreover, Mr. Bryant's untimely response to the defendant's motion states, "Petitioner is in agreeance with motion to dismiss . . . ." (Dkt. No. 15). The Court concludes that Mr. Bryant has failed to state a claim for which relief can be granted, and his complaint should be dismissed.

For these reasons, defendant's motion to dismiss is granted (Dkt. No. 3). This case is dismissed without prejudice. All pending motions are denied as moot.

SO ORDERED this 30th day of August, 2013.

_____
Kristine G. Baker
United States District Judge